# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

DANNY MARTIN,

        Plaintiff,

    v.

STEVEN MILLER and JUSTIN RACETTE,

        Defendants.

Case No. 3:26-cv-00099-ACP

## <u>ORDER OF DISMISSAL UPON SCREENING & NOTICE OF STRIKE</u>

On March 3, 2026, self-represented prisoner Danny Martin (Plaintiff) filed this case against two attorneys with the Alaska Public Defender Agency (Defendants).[1] Plaintiff's Complaint alleges Defendants violated his rights by requesting continuances in his criminal proceedings in state court without his consent and by failing to seek dismissal of his charges under Alaska Criminal Rule 45's mandatory speedy-trial provisions.[2] Plaintiff also alleges Defendants conspired with the state prosecutor and the judge to deprive him of due process in his criminal case. For relief, Plaintiff seeks $3,000,000 in damages per Defendant, an order requiring Defendants to obey Alaska Criminal Rule 45, and recovery of costs.[3]

---

[1] Docket 1 at 1-2.

[2] Docket 1 at 3-5.

[3] Docket 1 at 10.

The Court now screens Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. Upon review, the Court finds the Complaint fails to state a claim. For the reasons explained below, the Court finds that the defects in the Complaint cannot be cured by amendment. Accordingly, this case is DISMISSED. This dismissal counts as a "strike" under 28 U.S.C. § 1915(g), which may limit Plaintiff's ability to bring future civil rights cases in federal court.

## DISCUSSION

### I. Screening Standard

Under the Prison Litigation Reform Act, a federal district court must screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[4] In this screening, a district court shall dismiss a complaint at any time if the court determines that the complaint:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.[5]

In conducting its screening review, a district court must accept as true the allegations of the complaint, construe the complaint in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.[6] However, a court is not

---

[4] 28 U.S.C. §§ 1915, 1915A.

[5] 28 U.S.C. § 1915(e)(2)(B).

[6] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003).

Case No. 3:26-cv-00099-ACP, *Martin v. Miller, et al.*
Order of Dismissal Upon Screening & Notice of Strike
Page 2 of 9

required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[7] Although generally, the scope of review is limited to the contents of the complaint, a court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[8] Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[9]

Before a court may dismiss any portion of a complaint, a court must provide a self-represented plaintiff with a statement of the deficiencies in the complaint and an opportunity to file an amended complaint, unless to do so would be futile.[10] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[11]

## II.     Civil Rights Claims under 42 U.S.C. § 1983 ("Section 1983")

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish that (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or

---

[7] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001).

[8] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[9] *Sprewell,* 266 F.3d at 988 (noting that a plaintiff can "plead himself out of a claim by including . . . details contrary to his claims").

[10] *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir.1987) ("Without the benefit of a statement of deficiencies, the pro se litigant will likely repeat previous errors.").

[11]*Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986) (citation omitted).

Case No. 3:26-cv-00099-ACP, *Martin v. Miller, et al.*
Order of Dismissal Upon Screening & Notice of Strike
Page 3 of 9

Case 3:26-cv-00099-ACP     Document 8     Filed 07/27/26     Page 3 of 9

federal statute.[12]  To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[13] To be deprived of a right, the defendant's action must either violate a right guaranteed by the Constitution or an enforceable right created by a federal statute.[14] Section 1983 does not confer constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[15]

### III. Plaintiff cannot bring Section 1983 claims against a public defender or a public defender's office

An attorney appointed to represent a criminal defendant in a state court proceeding is "as a matter of law, . . . not a state actor," an essential element of a Section 1983 claim.[16] A court-appointed criminal defense attorney, whether from the Office of Public Advocacy, the Public Defender Agency, or by contract, is "no doubt, paid by government funds and hired by a government agency. Nevertheless, his function was to represent his client, not the interests of the state or county."[17]  "Except for the source of payment, . . . the duties and obligations are

---

[12] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[13] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[14] *Gonzaga Univ. v. Doe,* 536 U.S. 273 (2002).

[15] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[16] *See Miranda v. Clark County, Nevada*, 319 F.3d 465, 468 (9th Cir. 2003), *cert. denied*, 540 U.S. 814 (2003).

[17] *Id*., citing *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (recognizing that the public defender performs "a lawyer's traditional functions" in the lawyer's traditional adversarial role).

Case No. 3:26-cv-00099-ACP, *Martin v. Miller, et al.*
Order of Dismissal Upon Screening & Notice of Strike
Page 4 of 9
Case 3:26-cv-00099-ACP    Document 8    Filed 07/27/26    Page 4 of 9

the same whether the lawyer is privately retained, appointed, or serving in a legal aid or defender program."[18] Therefore, Plaintiff cannot state a viable civil rights claim in federal court against his court-appointed attorneys because Defendants are not state actors.

To the extent Plaintiff seeks to bring a claim for legal malpractice or other tort, such claims arise under state law and must typically proceed in state court. A state law claim may only proceed in federal court if the claim is supplemental to a cognizable federal claim,[19] of which there are none in this case, or if the federal court has diversity jurisdiction over the case, which requires that the plaintiff be a citizen of a different state than all the defendants, and that the amount in controversy exceeds $75,000.[20] Here, neither requirement is met in this case.

### IV.     Plaintiff cannot challenge his conviction in a civil rights action

A civil rights action is not the proper vehicle to challenge criminal charges, convictions, or rulings. Such challenges must be raised in the criminal case itself, on direct appeal, or through appropriate post-conviction relief. Specifically, the *Younger* abstention doctrine prohibits a federal court from interfering with ongoing state court proceedings absent extraordinary circumstances;[21] the *Rooker–Feldman* doctrine bars claims that would require a federal court to review and

---

[18] *Polk County*, 454 U.S. at 318-19.

[19] *See* 28 U.S.C. § 1367.

[20] *See* 28 U.S.C. § 1332(a).

[21] *Younger v. Harris*, 401 U.S. 37 (1971).

Case No. 3:26-cv-00099-ACP, *Martin v. Miller, et al.*
Order of Dismissal Upon Screening & Notice of Strike
Page 5 of 9

Case 3:26-cv-00099-ACP    Document 8    Filed 07/27/26    Page 5 of 9

invalidate a state court decision;[22] and the *Heck* doctrine bars claims that necessarily imply the invalidity of a state court conviction or sentence, unless that conviction or sentence has already been invalidated through direct appeal, executive order, a state tribunal, or federal habeas relief.[23]

Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the Courtview records of the Alaska Court System.[24] According to the publicly available state court docket records, Plaintiff was convicted after a jury trial in the underlying state court case he challenges.[25] Although Plaintiff sought habeas relief in state court, it does not appear that he exhausted his state remedies.[26] Therefore, Plaintiff cannot seek habeas relief in federal court at this time,[27] and until Plaintiff has proven the invalidity of his conviction, he is barred

---

[22] *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923).

[23] *Heck v. Humphrey,* 512 U.S. 477 (1994).

[24] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (12th ed. 2024); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.,* 971 F.2d 244, 248 (9th Cir. 1992) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (internal citations and quotation marks omitted.).

[25] *State of Alaska vs. Martin, Danny Wayne,* Case No. 4FA-23-00371CR, Docket Entry 10/15/2024 (Case Closed: Case disposed with disposition of Jury Trial: Guilty Verdict on One or More Counts on 03/29/2024).

[26] *See Martin, Danny vs. State of Alaska,* Case No. 4FA-24-01259CI, Docket Entry 05/17/2024 (Order Denying Habeas Corpus); *Martin, Danny vs. State of Alaska,* Case No. 4FA-24-01702CI, Docket Entry 08/09/2024 (Order Denying Writ of Habeas Corpus - Case Closed).

[27] *See* Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts. *See also Johnson v. Zenon,* 88 F.3d 828, 829 (9th Cir. 1996) (noting that

Case No. 3:26-cv-00099-ACP, *Martin v. Miller, et al.*
Order of Dismissal Upon Screening & Notice of Strike
Page 6 of 9

from seeking monetary damages arising from it. Accordingly, Plaintiff's claims alleging violations of his speedy trial and due process rights, as well as his ineffective assistance of counsel claims, must be dismissed.

Similarly, Plaintiff's claims that his defense attorney and a state prosecutor discussed a plea offer instead of release and that his defense attorneys, state prosecutors who tried the charges against him, and the judge who presided over his case conspired against him to deprive him of due process must also be dismissed. Conclusory allegations are not enough to state a claim of conspiracy,[28] and Plaintiff's claims amount to an impermissible attack on his conviction. Moreover, judges and prosecutors acting within the scope of their official duties are absolutely immune from suit in federal court.[29] Therefore, Plaintiff cannot proceed on his conspiracy claims.

## V. The Three Strikes Rule

The Prison Litigation Reform Act requires that a self-represented prisoner receive a "strike" when a case he has filed in federal court is dismissed "as frivolous

---

exhaustion requires petitioner to fairly and fully present his federal claim "to the highest state court with jurisdiction to consider it").

[28] *Simmons v. Sacramento Cnty. Superior Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003) (finding a plaintiff's "conclusory allegations that the lawyer was conspiring with state officers to deprive him of due process ... insufficient.").

[29] *Stump v. Starkman,* 435 U.S. 349, 356-57 (1978) (explaining that judges are immune for their judicial acts, even if "alleged to have been done maliciously or corruptly," unless taken in the "clear absence of all jurisdiction"). *See also Imbler v. Pachtman,* 424 U.S. 409, 431 (1976) (holding that acts undertaken by a prosecutor "in initiating a prosecution and in presenting the State's case" are entitled to the protections of absolute immunity).

Case No. 3:26-cv-00099-ACP, *Martin v. Miller, et al.*
Order of Dismissal Upon Screening & Notice of Strike
Page 7 of 9

or malicious or fails to state a claim upon which relief may be granted[.]"[30] Once a prisoner-plaintiff has accumulated three strikes, he is prohibited from bringing any other civil rights cases in federal court without prepaying the full filing fee unless he makes "plausible allegations" that, at the time he filed the complaint, he is under imminent danger of serious physical injury.[31] Imminent danger requires an allegation that a harm is "ready to take place" or "hanging threateningly over one's head."[32] It cannot be triggered solely by complaints of past injury or generalized fears of possible future harm.[33] Vague, non-specific allegations are insufficient, and assertions of imminent danger may be rejected as overly speculative, fanciful, or "conclusory or ridiculous."[34]

In addition, "the PLRA requires a nexus between the alleged imminent danger and the violations of law alleged in the prisoner's complaint."[35] In deciding whether such a nexus exists, federal courts consider: "(1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is *fairly traceable* to unlawful conduct asserted in the complaint, and (2) whether a

---

[30] 28 U.S.C. § 1915(g).

[31] 28 U.S.C. § 1915(g); *see also Ray v. Lara,* 31 F.4th 692, 701 (9th Cir. 2022) (adopting nexus test).

[32] *Andrews v. Cervantes,* 493 F.3d 1047, 1056 (2007) (cleaned up).

[33] *Id.* at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint.").

[34] *Id.* at 1057, fn. 11.

[35] *Ray v. Lara,* 31 F.4th 692, 701 (9th Cir. 2022).

Case No. 3:26-cv-00099-ACP, *Martin v. Miller, et al.*
Order of Dismissal Upon Screening & Notice of Strike
Page 8 of 9

favorable judicial outcome would *redress* that injury."[36]  A prisoner-plaintiff seeking to invoke the imminent danger exception must meet both requirements of the nexus test to proceed.

IT IS THEREFORE ORDERED:

1.  This action is **DISMISSED for failure to state a claim.**

2.  This dismissal counts as a **STRIKE** under 28 U.S.C. § 1915(g).

3.  All pending motions are **DENIED as moot.**

4.  The Clerk shall issue a final judgment and close this case.

DATED this 27th day of July, 2026, at Anchorage, Alaska.

*/s/ Aaron Christian Peterson*
AARON CHRISTIAN PETERSON
UNITED STATES DISTRICT JUDGE

---

[36] *Id.* at 700.

Case No. 3:26-cv-00099-ACP, *Martin v. Miller, et al.*
Order of Dismissal Upon Screening & Notice of Strike
Page 9 of 9

Case 3:26-cv-00099-ACP    Document 8    Filed 07/27/26    Page 9 of 9